UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMIE CHRISTOPHER GREEN 151209, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:13-0020 |
| v. | ) | Judge Sharp/Bryant |
| | ) | **Jury Demand** |
| CHARLES SIMMONS, SHEILA HOWARD, | ) | |
| | ) | |
| Defendants | ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendants Charles Simmons and Sheila Howard have filed their motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Green, a prisoner proceeding *pro se* and *in forma pauperis*, has not responded in opposition, and the time within which he was required to do so expired long ago.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion for summary judgment be GRANTED and the complaint dismissed with prejudice.

### STATE OF THE CASE

Plaintiff Green, a state prisoner presently incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee, filed this civil rights action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights that occurred when he was housed at the Charles Bass Correctional Complex ("CBCX").

Upon initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(a), the Court dismissed all claims except claims against Defendants Howard and Simmons alleging violations of

Green's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Docket Entry No. 11).

Specifically, Green alleges that another inmate charged with the disciplinary infraction of drug possession in the prison received a much lesser sentence than did Green, even though it was Green's first infraction and the other inmate's fourth infraction. Green also asserts that the other inmate, David Wallace, received a continuance of his hearing date when he requested one, and was given probation or a suspended sentence and no segregation, while Green's request for a continuance was denied and he was subjected to a much harsher sentence for a comparable infraction. Green implies in his complaint that the reason he received a harsher sentence than Wallace was because Green did not have the money to bribe prison officials to impose a lesser sentence. Green specifically alleges that Defendant Howard takes bribes from inmates in exchange for the imposition of lesser sentences for disciplinary infractions, and that if inmates do not have money for "payouts," their rights are violated (Docket Entry No. 8 at 2).

Defendants have filed their answer denying liability and asserting affirmative defenses (Docket Entry No. 33). Now Defendants Simmons and Howard have filed their motion for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914

2

(6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for

3

summary judgment to insure that he has discharged that burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

In support of Defendants' motion for summary judgment Defendants Howard and Simmons have filed their affidavits. Defendant Howard testifies in her affidavit that she was employed as a correctional sergeant at the CBCX and served as Disciplinary Board Chairman during disciplinary hearings held in July 2012 for inmates Green and David Wallace (Docket Entry No. 38). She testifies that Plaintiff Green was convicted of a disciplinary charge of "positive drug screen" on July 6, 2012, based upon positive lab results confirming the presence of a marijuana metabolite (THC) after a reasonable suspicion drug screen. Green was given five days punitive segregation, six months of visitation restrictions, a $25 drug test fee, a $4 fine, and a 30-day phone restriction.

Defendant Howard further testifies in her affidavit that inmate David Wallace pled guilty and was convicted of the disciplinary charge of "drug possession" on July 13, 2012. This conviction was based upon Wallace's possession of marijuana. Wallace received 10 days punitive segregation, a nine-month package restriction, a six-month visitation restriction, and a $4 fine.

Inmate Wallace also pled guilty and was convicted of the disciplinary charge of "positive drug screen" on July 24, 2012. This conviction, like that of Plaintiff Green, was based upon a positive lab result for marijuana after a reasonable suspicion drug screen. Wallace received an additional 10 days of punitive segregation, a six-month package restriction, a three-month

4

visitation restriction, a $4 fine, a $25 drug test fee, and a job drop. Inmate Wallace had previously lost package and visitation privileges due to the earlier disciplinary charge. For the second disciplinary charge, inmate Wallace received the maximum available package and visitation restrictions (Docket Entry No. 38 at 2).

In her affidavit Defendant Howard testifies that she did not treat Plaintiff Green any differently from any other inmate at CBCX, including inmate Wallace, during the disciplinary process. Defendant Wallace also testifies that she has never taken any bribes for "pay outs" from any inmate (*Id.*).

In his affidavit, Defendant Simmons testifies that he is an employee of the Tennessee Department of Corrections and a deputy warden at CBCX. He testifies that he has no personal knowledge of the allegations made by Plaintiff Green in his complaint. Simmons further testifies that he has received no information concerning any improprieties in the disciplinary process at CBCX, and has no knowledge that Defendant Howard has ever received any bribes or "pay outs" from any inmates. He further testifies that, apparently from a review of pertinent documentation, there does not appear to be a disparity in punishment awarded to Plaintiff Green when compared to that awarded to inmate Wallace (Docket Entry No. 39).

In the absence of any response by Plaintiff Green, the foregoing affidavit testimony from Defendants Howard and Simmons effectively rebuts the factual allegations underlying Green's equal protection claim against Defendants Howard and Simmons. From the undisputed record, the undersigned Magistrate Judge finds that, contrary to Green's claims, Green did not receive a materially

5

worse punishment for his disciplinary violation when compared to punishment imposed upon inmate Wallace. Moreover, there is no admissible evidence in this record to support the claims that Defendant Howard accepted bribes or "pay outs" from inmates subject to disciplinary proceedings, or that Defendant Simmons had knowledge of such practices.

Based upon the admissible evidence in this record, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendants Howard and Simmons are entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion for summary judgment filed on behalf of Defendants Howard and Simmons be GRANTED, and that the complaint be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 7th day of March, 2014.

                                                        /s/ John S. Bryant
                                                        JOHN S. BRYANT
                                                        United States Magistrate Judge